The Honorable H. Lee Moffitt Speaker House of Representatives 420 Capitol Tallahassee, Florida 32301
Dear Representative Moffitt:
You state that there appears to be a great deal of confusion over the powers of the Legislature and the counties relative to the creation of special districts and that you are repeatedly asked to create special districts by local act although it appears that the Legislature has authorized the creation of such districts by county ordinance. In order to clarify this matter, you therefore request the opinion of this office on substantially the following question:
 MAY THE BOARD OF COUNTY COMMISSIONERS UNDER EXISTING STATE LAW CREATE A SPECIAL DISTRICT BY ORDINANCE SUBJECT TO APPROVAL BY REFERENDUM?
Chapter 165, F.S., the Formation of Local Governments Act, sets forth the exclusive procedure pursuant to general law for the formation and dissolution of municipalities and special districts in this state except in those counties operating under a home rule charter which provides for an exclusive method as specifically authorized by s 6(e), Art. VIII, State Const. See, s 165.022(1), F.S., which also provides that any provisions of a general or special law existing on July 1, 1974, in conflict with the provisions of Ch. 165, shall not be effective to the extent of such conflict. See also, AGO 75-108 wherein this office stated that to the extent that the methods of creating a water management district under Ch. 298, F.S., or any other general or special law existing on July 1, 1974, conflict with the provisions of ss165.022 and 165.041(2), F.S., s 165.022 operates to supersede any such conflicting provisions of general or special law and mandates that the provisions of s 165.041(2) control the establishment of such districts; thus where a county charter does not provide an "exclusive method as specifically authorized by s. 6(e), Art. VIII" for the creation of such districts, they may be established only in accordance with Ch. 165. And see, s 165.022(2), F.S., which provides that pursuant to s 11(a)(21), Art. III, State Const., the Legislature prohibits special laws or general laws of local application pertaining to the creation of dependent and independent special districts under conditions or subject to provisions which conflict with the provisions of Ch. 165.
Section 165.041(2), F.S., states:
 A charter for creation of a dependent special district shall be adopted only by special act of the Legislature or by ordinance of a county or municipal governing body having jurisdiction over the area affected. Authorization for creation of an independent special district shall be provided only by general law.
And see, s 165.061(3), F.S., stating that the creation of a special district must be the best alternative available for delivering the service and be amenable to separate special district government if such district is to have a governing body other than a county or municipal governing body. "Special district" is defined in s 165.031(5), F.S., for purposes of Ch. 165 to mean a local unit of special government, except a district school board, created pursuant to general or special law for the purpose of performing prescribed, specialized functions, including municipal services functions, within limited boundaries; the term includes both dependent and independent special districts as those terms are defined in s 200.001(8)(d) and (e), F.S. See, s200.001(8)(d), F.S., defining "dependent special district" to mean a special district the governing body of which is the governing body of the county or municipality, ex officio or otherwise, or the budget of which is established by such local government authority; the millage of the dependent special district, when added to the millage of the governing body to which it is dependent, shall not exceed the maximum millage applicable to such governing body. See also, s 200.001(8)(g), F.S., which defines "[a]ggregate millage rate" to mean that millage rate obtained from the quotient of the sum of all ad valorem taxes levied by the governing body of a county or municipality for countywide or municipality-wide purposes, respectively, plus the ad valorem taxes levied for all districts dependent to the governing body divided by the total taxable value of the county or municipality. Cf., s 200.071(2), F.S., providing limitations of tax millages for counties and dependent special districts. And see, s200.001(8)(e), F.S., defining "[i]ndependent special district" as a special district the governing head of which is an independent body, either appointed or elected, and the budget of which is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved; the independent special district's millage shall not be levied in excess of a millage amount authorized by general law and approved by vote of the electors pursuant to s 9(b), Art. VII, State Const., except for those independent special districts levying millage for water management purposes as provided in that section. Millages for independent special districts authorized as of the effective date of the 1968 Constitution need not be approved pursuant to s 2, Art. XII, State Const.
Therefore, with the exception of certain charter counties, a board of county commissioners may establish special districts in the manner and subject to the conditions and limitations specified by general law; i.e., pursuant to Ch. 165, F.S., the county commission may create a dependent special district by ordinance while an independent special district may be created by the county commission when so authorized by other general law. For those counties operating under a home rule charter which provides an exclusive method of establishing special districts as specifically authorized by s 6(e), Art. VIII, State Const., the governing body of the county will be bound by the provisions of the county charter and any amendment thereto would require electorate approval. See generally, s 1(c), Art. VIII, State Const. Cf., AGO 75-108, wherein this office concluded that the Broward County charter providing that the county commission had the power to create, alter or abolish special municipal taxing districts or units to the full extent granted by the Constitution and laws of Florida did not constitute an exclusive method for which an exception was made in s 165.022 from the provisions of Ch. 165. While Ch. 165, F.S., provides for the establishment of special districts, it does not in s 165.041(2) require that the creation of such districts be approved by referendum. (It should be noted, however, that the creation of an independent special district which pursuant to s 165.041(2) must be authorized by general law will be governed by the terms and conditions of such law.) Moreover, while Ch. 165 prescribes the exclusive procedure for forming and dissolving special districts, it does not confer on such districts the power to levy ad valorem taxes within the district. A special district, however created, is not by that fact alone, a special taxing district. Cf., AGO's 78-128 and 78-92 wherein this office stated that a municipality was not authorized by Ch. 165 to create a special taxing district for levying ad valorem taxes within the district.
Special districts are constitutionally authorized to levy ad valorem taxes and other types of taxes only if authorized to do so by law. See, s 9(a), Art. VII, State Const., which provides that special districts may "be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, . . . except ad valorem taxes on intangible personal property and taxes prohibited by this constitution." See also, s 1(a), Art. VII, State Const., which states in pertinent part that "[n]o tax shall be levied except in pursuance of law." Moreover, the levying of such taxes must not be in excess of the millage authorized by law and approved by vote of the electors within the district. Section 9(b), Art. VII, State Const., provides in part:
 Ad valorem taxes . . . shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: . . . for all other special districts a millage authorized by law approved by vote of the electors . . . .
See, e.g., s 125.01(5)(c), which provides that it is the intent of the Legislature that the statute is authorization for a special district established by the county thereunder to levy any millage designated in the ordinance creating such a special district or amendment thereto, approved by the vote of the electors under the authority of the first sentence of s 9(b), Art. VII, State Const.; subsection (5)(c) further provides that the special district created under this subsection shall include both unincorporated and incorporated areas of the county and may not be used to provide services in the unincorporated areas only. Compare, s125.01(1)(q), F.S., which authorizes the county to establish municipal service taxing or benefit units for part or all of the unincorporated parts of the county within which may be provided essential facilities and municipal services and provides that the paragraph is authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes (10 mills) within such municipal service taxing unit under the authority of the second sentence of s 9(b), Art. VII, State Const. The levy of such ad valorem taxes for providing municipal services within such municipal service taxing units, however, is not required to be approved by the electorate. See, s 125.01(1)(r), F.S., which states in pertinent part that there shall be no referendum required for the levy by a county of ad valorem taxes for the providing of municipal services within any municipal service taxing unit; and Gallant v. Stephens, 358 So.2d 536 (Fla. 1978) (last sentence of s 9(b), Art. VII, State Const., providing that county furnishing municipal services may, to extent authorized by law, levy additional taxes within limits fixed for municipal purposes, provides express authority for statutes sanctioning taxing units as method by which counties may tax to provide municipal services, within ten mill limit for "municipal purposes" without voter approval).
Accordingly, I am of the opinion that with the exception of certain charter counties, Ch. 165, F.S., sets forth the exclusive procedure for the formation or dissolution of special districts and provides that the board of county commissioners may create a dependent special district by ordinance while independent special districts may be created by the county commission only when so authorized by general law. Chapter 165 does not require electorate approval of the creation of such districts; however, if ad valorem taxes are to be levied for such special district, such taxes must be authorized by law and may not be levied in excess of a millage authorized by law and approved by vote of the electors.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General